UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOETZ BAIER, | Civil Action No. 3:08-cv-5296 PGS DEA |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| PRINCETON OFFICE PARK, L.P., et al.: | |
| Defendants. | |

This matter comes before the Court on a Motion by Plaintiff Goetz Baier ("Baier") to compel nonparty Realty Management Associates ("RMA") and Defendant Lawrence Berger ("Berger") to comply with a Subpoena Duces Tecum. ECF No. 106. Plaintiff also requests an award of attorney's fees incurred in connection with this motion. Id. Mr. Berger and RMA oppose Plaintiff's Motion. ECF No. 107. The Court has fully reviewed the submissions of the parties and considers same without oral argument pursuant to Fed.R.Civ.P. 78(b). For the reasons set forth below, Plaintiff's Motion to Compel Discovery is **GRANTED**, though Plaintiff's Request for Reasonable Attorney's Fees is **DENIED**.

I. BACKGROUND

The facts and procedural history of this 10-year-old case are well known to the parties and need not be recited at length. Briefly, the underlying action concerns investments Mr. Baier, a native of Germany, indirectly made in Defendants Princeton Office Park, United States Realty Resources, Inc., United States Land Resources, L.P., and other, sometimes related, entities through an investment vehicle called Success Treuhand GmbH. ECF No. 1. Defendant Berger is a principal in many of those entities. Id. at 2-4. A dispute arose between the parties related to Mr.

1

Baier's attempt to withdraw his invested funds and associated profit. Id. at 3-7. The underlying litigation followed. Id. On May 11, 2012, U.S. District Judge Peter G. Sheridan entered a Judgment in favor of Mr. Baier and against Defendants Berger and United States Land Resources L.P., jointly and severally, in the amount of $675,000. ECF No. 81. That Judgment reflected the consent of the parties.

Since the entry of the Consent Judgment, Plaintiff has thrice sought the Court's aid in his attempts to collect on the Judgment. In January 2013, Mr. Baier filed a Motion to Compel Defendant to Answer Information Subpoena, based on what the Plaintiff contended were Defendant's insufficient answers to an Information Subpoena. ECF No. 86 at 1-3. Mr. Baier withdrew that motion after Mr. Berger agreed to supplement his answers to the Information Subpoena. ECF Nos. 87, 88. In December 2016, Plaintiff filed a Motion to Alter Judgment to Enter Charging Order seeking to attach for the Judgment Creditor distributions made by 115 business entities to Mr. Berger. ECF No. 94. That motion was denied without prejudice by Judge Sheridan, though the Court ordered that Mr. Baier would be allowed to resubmit the motion with further documentation and briefing. Id. In response to a second discovery dispute, this Court by Text Order dated January 2, 2018 stated that "Plaintiff must file a formal motion to obtain the post judgment relief it seeks." ECF No. 105. The instant Motion to Compel Production of Documents followed.

Plaintiff contends Mr. Berger—through a Subpoena served upon a nonparty entity, Realty Management Associates, in which Mr. Berger is a partner with his wife—has failed to adequately and fully respond to discovery demands that are part of Mr. Baier's attempts to collect on the Consent Judgment. ECF No. 106. Defendant counters that the discovery "will not

aid in collecting" on the Judgment and really is an effort to "harass, annoy and burden" associated third parties "in an effort to vex the judgment debtor." ECF No. 107 at 2.

This latest discovery dispute has two broad categories. First, Plaintiff contends Mr. Berger failed to provide any documents responsive to Request Nos. 1, 12-13, and 19-20 of the Subpoena Duces Tecum. ECF No. 106 at 11. Request No. 1 seeks documents identifying RMA's "partners, owners, members, officers, managers or managing agents." Id. Request Nos. 12-13 seek documents related to alleged loans made between RMA, Mr. Berger and any other related entities. Id. Request Nos. 19-20 seek documents related to any agreements between or among RMA, Mr. Berger and United States Land Resources. Id. Defendant claims it provided no documents because no documents exist that are responsive to these requests. Plaintiff counters that New Jersey law requires certain documents be filed with the state by all limited partnerships or limited liability companies, ECF No. 106 at 12, while the lack of any documentation for $4,564,267.84 of disbursements by RMA or United States Land Realty to Mr. Berger calls into question whether those payments amount to a "scheme to pass off millions of dollars' worth of income used by Berger to fund a princely lifestyle as 'loans.'" Id. at 22.

In the second category, Plaintiff contends Mr. Berger and RMA are unfairly withholding documents associated with and authenticating the disbursements to Mr. Berger and other related parties chronicled in a 74-page spreadsheet provided by RMA in response to Request Nos. 2, 5-7, 10-11, and 14-17 of the Subpoena Duces Tecum. Id. Mr. Berger and RMA counter that such documentation, where it exists, would be unduly burdensome to produce and not proportionate to Plaintiff's needs. ECF No. 107.

II. **LEGAL STANDARD**

It is well established that the scope of discovery in federal litigation is broad. Fed R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to

any party's claim or defense." Id.; *see also* Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). Moreover, information sought by the parties need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). During the course of discovery, "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Of course, the responding party is not obliged to produce documents it does not possess or can not obtain. *See* Bumgarner v. Hart, Civ. No. 05–3900, 2007 WL 38700, at *5 (D.N.J. Jan. 4, 2007) (holding that the Court cannot order production of documents that are not in the responding party's possession or control), Not only must the requested documents be in the responding party's possession or control, they also must be relevant. The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. Barnes Found. v. Twp. of Lower Merion et al., Civ. No. 96-372, 1996 WL 653114, at *1 (E.D.Pa. 1996).

While the scope of discovery is undoubtedly broad, the Federal Rules also provide that a Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Further, "the Court has a responsibility to protect privacy and confidentiality interests" and "has authority to fashion a set of limitations that allow as much relevant material to be discovered as possible ... while preventing unnecessary intrusions into legitimate interests that may be harmed by the discovery of material sought." Schmulovich v. 1161 Rt. 9 LLC, Civ. No. 07-597, 2007

4

WL 2362598, at *1–2 (D.N.J. Aug. 15, 2007); *see also* Pearson, 211 F.3d at 65; Fed.R.Civ.P. 26(c).

Rule 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Ultimately, it is within the Court's discretion whether to grant a motion to compel disclosure. In re Cendant Corp. Sec. Litig., 343 F.3d 658, 668 (3d Cir. 2003).

### III. DISCUSSION

Plaintiff seeks to collect on the Consent Judgment in favor of Mr. Baier and against Defendants, including Mr. Berger. That Judgment thus far is unsatisfied. Plaintiff states Mr. Berger has claimed he has "virtually no unencumbered assets and no income." See Pl.'s Br. in Supp. of Mot. to Compel Produc. at pg. 6. In light of the failure of Defendants, including Mr. Berger, to satisfy this Consent Judgment and pursuant to Fed. R. Civ. P. 26, Plaintiff served on Mr. Berger as well as a related but nonparty entity, RMA, a Subpoena Duces Tecum. That Subpoena sought information regarding the ownership structure of RMA, amounts of cash paid to Mr. Berger over a roughly five-year period by RMA, and the source of those funds. See Pl.'s Br. at Exhibit 5 at 38-39.

Mr. Berger did not produce any documents regarding the ownership structure of RMA. Mr. Berger says RMA is a general partnership consisting of himself and his wife, and that there are no documents evidencing that fact. Mr. Baier contends the lack of documents is a legal impossibility, citing N.J.S.A. § 42:2A-14 and § 42:2C-18, which require the filing of operating agreements and/or annual reports with the New Jersey Department of Treasury. Mr. Berger counters that those statutes govern limited partnerships and limited liability companies, not general partnerships.

N.J.S.A. § 42:2A-14 is part of the Uniform Limited Partnership Act, § 42:2A-1, *et seq.*, while § 42:2C-18 is part of the Revised Uniform Limited Liability Company Act, § 42:2C-1, *et seq.* The Uniform Limited Partnership Act requires that limited partnerships file a "certificate of limited partnership" with the state setting forth such information as the name of the limited partnership, the name and address of each general partner, etc. § 42:2A-14. The Revised Uniform Limited Liability Company Act requires a similar filing. § 42:2C-18.

In Mr. Berger's papers, the first reference for this entity is Realty Management Associates, with no entity designation. See Def. Br. in Opp. to Mot. to Compel at 1. Mr. Baier refers to RMA on first reference as Realty Management Associates, L.L.C. See Pl.'s Br. at 1. Mr. Berger argues RMA is a general partnership, but produces no evidence of that status. Still, if RMA is a general partnership it would be governed by the Uniform Partnership Act. N.J.S.A. § 42:1A-1, *et seq.* New Jersey's general partnership statutory regime allows, but does not require, that a general partnership file a statement with the state's recording office, nor does it require that the general partnership have a written operating agreement. It is axiomatic that a party can not be forced to produce documents that do not exist. Thus, the Court can not force Mr. Berger to produce documents regarding the ownership structure and operating agreement of RMA if such documents do not exist.

The Court turns next to subpoenaed requests for information about disbursements to Mr. Berger and the source of those funds. In response to the Subpoena, Mr. Berger and RMA produced a 74-page spreadsheet titled "General Ledger" and "United States Land Resources." See Pl.'s Br. at Exhibit 7. Plaintiff contends the ledger demonstrates that United States Land Resources and/or RMA paid out to Mr. Berger more than $4.5 million over roughly five years. See Pl.'s Br. at 6. The spreadsheet refers to these payouts as "loans receivable." See Pl.'s Br. at

Exhibit 7 at 43. Plaintiff contends he needs to see back-up documents to ensure that such payments to Mr. Berger are actually loans and not "income that [Mr. Berger] has disguised as 'loans.'" See Pl.'s Br. at 6-7. Mr. Berger claims such back-up information is "not relevant and cannot lead to the discovery of relevant evidence." See Def.'s Br. in Opposition to Mot. to Compel at 2.

"The party resisting production of discovery ordinarily bears the burden of establishing lack of relevancy." Barnes Found., 1996 WL 653114, at *1 (citing Thompson v. Glenmede Trust Co., C.A. No. 92–5233, 1995 WL 752443, *2 (E.D.Pa. Dec. 19, 1995) (Hutton, J.); Flora v. Hamilton, 81 F.R.D. 576 (M.D.N.C.1978)). Specifically, the objecting party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Barnes Found. 1996 WL 653114 at *1 (citing Thompson, 1995 WL 752443, *2) (quoting Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y.1987))).

Mr. Berger does not state precisely how information about the subject loans is not relevant to Mr. Baier's search for assets and/or income. Instead, he provides only the conclusionary statement that the information is not relevant.

The spreadsheet reflects more than 5,000 transactions, listing the date of each transaction, the payee, a property number, and whether the transaction was a debit or a credit. See Pl's Br. at Exhibit 7 at 43-116. The transactions on seventy-two pages of the spreadsheet are labeled "loans receivable – LS," and under "description" the vast majority state: "(bergerl) Lawrence S. Be," followed by a control number and a "refer" number. Id. Nearly all of these transactions are listed

7

as related to Property "001." Id. A review of the spreadsheet shows innumerable transactions for which back-up data might prove illuminating. Consider, for instance, a $50.25 transaction: the spreadsheet records this as a loan to Mr. Berger, though the description of the transaction lists the payee as "Spencer Gifts." See RMA 9. For one period there are seemingly weekly transactions listed as loans to Mr. Berger, but the payee is "Morristown Cleaners." Id. at RMA 69-72. In a final example, the spreadsheet lists three $6,000 transactions, all on January 17, 2013, as the "repayment of loan" but two transactions are listed as debits and one as a credit. Id. These represent just a few of thousands of transactions about which the Court recognizes how further information would be needed to determine whether the monies transferred to Mr. Berger were actually income that could be used to satisfy the Judgment. Thus, Mr. Baier's request for more clarity regarding what funds were paid to Mr. Berger by entities he controls is relevant to Mr. Baier's search for assets.

In the alternative, Mr. Berger objects that the request for back-up documents is "disproportionate to any possible need." Hereto, the party opposing discovery typically has the burden "to clarify and explain its objections and to provide [the factual] support therefor." Barnes Found., 1996 WL 653114, at *2 (quoting Roesberg v. Johns–Manville Corp., 85 F.R.D. 292, 297 (E.D.Pa.1980) (Troutman, J.)) Mr. Berger does not demonstrate how the request would be disproportionate to any possible need. Mr. Berger does not, for instance, detail the monetary or labor costs of complying with the Subpoena. Instead, Mr. Berger states only that the information would be "exceedingly burdensome," "incredibly burdensome" or "incredibly difficult" to produce, involving a "herculean search of file cabinets" that would be a "monumental task." See Def.'s Br. at 2-4, 9. More than mere adjectives and conclusionary statements are needed for the Court to determine that a request for documents supporting a

standalone 74-page spreadsheet is not just cumulative, but "unreasonably cumulative," and not just burdensome but "unduly burdensome" pursuant to R. 26(b). The mere statement by a party that a discovery request is "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection. Barnes Found., 1996 WL 653114, at *2 (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir.1982)).

When the burden of a discovery request is likely to outweigh the benefits, Rule 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). ("Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."). Accordingly, a discovery request may be denied if this Court finds there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery"; and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Mr. Baier seeks to collect a Judgment totaling nearly $700,000. That is a substantial amount of money. Mr. Berger has made no showing that the needs of the case and/or the parties' resources are outweighed by the burden or expense of producing back-up data for the transactions listed in the spreadsheet produced by Defendants.

## IV. Attorney's Fees

Plaintiff also requests that this Court award Plaintiff "his reasonable attorneys' fees incurred in pursuing enforcement of the Subpoena." See Pl.'s Br. at 1,24. Plaintiff does not cite

any provision of the Federal Rules providing for such an award of attorney's fee. Fed. R. Civ. P. 45(d)(1), under which Plaintiff served the Subpoena does provide authority for a court to sanction a party, sanctions that may include reasonable attorney's fees, but the title of the section so providing, "Protecting a Person Subject to a Subpoena," makes clear that any sanctions are intended to punish the issuer of the subpoena, not, as here, the subject of the subpoena.

Fed. R. Civ. P. 37 and the Court's inherent powers provide authority for a court to impose sanctions in the form of an award of attorney's fees and costs. Under Rule 37, when a motion to compel discovery is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id.

Substantial justification requires justification "to a degree that could satisfy a reasonable person." Bosire v. Passaic County, No. 12–6498, 2017 WL 4532157, at *2 (D.N.J. Oct. 10, 2017) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988); Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 140, n.23 (3d Cir. 2009)). The test of substantial justification is satisfied if there is a "genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]," Pierce, 487 U.S. at 565 (alteration in original, citations omitted).

Though Rule 37 on its face applies only to the denial of a motion to compel discovery, *see* Rule 37(a)(5)(B), there have been cases in which courts have applied Rule 37(a)(5)(B) in the context of a motion to compel compliance with a third-party subpoena under Rule 45. *See,*

*e.g.,* Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., No. 15–191, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015).

Nevertheless, the Court need not resolve the issue of whether Rule 37(a)(5)(B) is applicable here because, even assuming the Rule does apply, the Court finds sanctions are not warranted. As discussed above, Defendants' arguments were that the information sought by Plaintiff's Subpoena was not relevant and that providing requested back-up data was unduly burdensome. That the Court ruled against Defendants on those points does not mean, ergo, that Defendants raised frivolous or unjustifiable defenses. Thus, the Court finds that under the facts presented here an award of sanctions would be unjust.

### IV. CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this of 22nd day of October 2018,

**ORDERED** that Plaintiff's Motion to Compel Discovery from Defendants [ECF No. 106] is **GRANTED**; and it is further

**ORDERED** that Defendants have 60 days from the date of this order to produce documents responsive to Plaintiff's Subpoena; and it is further

**ORDERED** that Plaintiff's Request for Reasonable Attorney's Fees is **DENIED** without prejudice.

*s/ Douglas E. Arpert*
DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE